## 16553.  BAILEY *v.* THE STATE.

Where an indictment for larceny of an automobile alleged that it was the property of a named person, and the evidence showed that the title to the automobile was in his wife, and there was no evidence that it was in his possession at the time of the larceny, a verdict of guilty was unauthorized.

DECIDED JULY 29, 1925.

Indictment for larceny; from Fulton superior court—Judge E. D. Thomas.  May 2, 1925.

*Scott, Hornbuckle & Moore,* for plaintiff in error, cited: 92 *Ga.* 47-8, 39 *Ga.* 41, 14 So. 280, 377, and distinguished 125 *Ga.* 286, 101 *Ga.* 528.

*John A. Boykin, solicitor-general, E. A. Stephens, Ralph H. Pharr,* contra, cited: 125 *Ga.* 286; 101 *Ga.* 528; 36 Corpus Juris, 838; 76 N. C. 38, 41.

LUKE, J.  Bailey was convicted of the offense of larceny.  The indictment alleged that he "did wrongfully, fraudulently and privately take, steal, and carry away, with intent to steal the same, one Packard straight 8 automobile of the value of $4,000.00 and the property of Robert F. Maddox Sr."  The undisputed evidence proved the title of the automobile to be in Mrs. Robert F. Maddox Sr.  The court charged the jury as follows:  "The burden of proof is upon the State to prove every material allegation in the bill of indictment, and if you find, in considering the bill of indictment, that the property is alleged to be the property of R. F. Maddox Sr., and you find from the evidence that the property is the property of Mrs. R. F. Maddox Sr., wife of R. F. Maddox Sr., that, under the law, would be sufficient as to that part of the allegation."  This excerpt from the charge of the court is complained of upon the ground that it was prejudicial and not a correct statement of the law.  The indictment having charged the larceny of the automobile and alleged the ownership to be in Robert F. Maddox Sr., and there being no evidence that Robert F. Maddox Sr., at the time of the larceny, was in possession of the automobile, the proof did not meet the allegation, and the excerpt from the charge of the court

complained of was erroneous. For the reason pointed out the court erred in overruling the motion for a new trial.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*